By the Court.—Curtis, Ch. J.
It is insisted by the defendant, that the agreement which is subscribed only by him, is invalid for want of mutuality, and can not be enforced for want of consideration.
The case of Justice v. Lang, (42 N. Y. 493; 52 Id. 323), and MSS. opinion on the third hearing of the same *117 by the court of appeals, establishes the doctrine that a promise of the nature of the defendant’s in this action was valid if supported by a sufficient consideration, and that such consideration may be proved by parol, and may consist in the promise or engagement of the plaintiff.
The evidence, with very little conflict, showed that in April, 1873, the plaintiff held 143 shares of this stock, and that the defendant then verbally agreed that if the plaintiff would sign a certain subscription paper, binding himself to advance certain moneys in an énterprize wherein they were both interested, he would by July 1 following, take and pay for all the stock and bonds in this company held by plaintiff at cost and interest.
The plaintiff then signed the subscription paper, and verbally agreed to so sell the stock and bonds. After this, ten shares of the stock were taken by the defendant of the plaintiff and transferred to a Mr. Stanton, and paid for by his note indorsed by the defendant, which was paid.
Previous to June 30, the defendant declined to sign a memorandum of this agreement, and thereupon, in consideration that the defendant would sign the memorandum of agreement sued upon and dated June 30, 1873, the plaintiff released him from Ms obligation to take the bonds of the company, limiting the agreement to the taking of the 133 shares of the stock then remaining, in which form the defendant signed it.
These facts, together with repeated tenders of the stock to the defendant, and demands of payment from him, in pursuance to the obligation in suit, of what was shown to be the cost price of the stock and interest, were proved at the trial.
The weight of evidence sustained the jury in finding that the defendant signed and delivered the memorandum of agreement as his contract and obligation, *118 and that it was supported by a sufficient consideration, the court properly instructing them, if they found otherwise in either of these respects, their verdict must be for the defendant.
The plaintiff sues to recover upon defendant’s contract a sum agreed to be paid by the defendant for a certain number of shares of stock, all of which were sold to him and ten of which were delivered. The obligation of the defendant contains a clause that as payments are made, the stock shall be transferred subject to his order. It was the plaintiff’s right, after he had tendered the undelivered stock, to sue for the price iff accordance with the provisions of the obligation. The defendant had procured the plaintiff to make the subscription heretofore referred to, by promising to take the stock, and after he had obtained the subscription from the plaintiff, which was the consideration for his agreement, and had received a part of the stock, the contract was so far executed, that the plaintiff was entitled, the jury so finding the facts, to the rule of damages charged by the court.
The court charged the jury correctly, and there are no exceptions to the rulings at the trial that are well taken.
The judgment and order appealed from should be affirmed.
Sanford and Freedman, JJ., concurred.